**HASBANI & LIGHT, P.C.**
Shauna Deluca, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
Email: sdeluca@hasbanilight.com
*Counsel for Plaintiff NDF1, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
NDF1, LLC,                                                                                           Case No.:

                              Plaintiff,                                    **COMPLAINT**

                -against -

PAUL GOMEZ; NATALIA GOMEZ; NASSAU
COUNTY T&PVA; "JOHN DOE" and "JANE DOE,"
the last two names being fictitious, said parties intended
being tenants or occupants, if any, having or claiming
an interest in, or lien upon, the premises described in the
complaint,

                              Defendants.
---------------------------------------------------------------------X

Plaintiff, NDF1, LLC ("NDF1" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 18 Page Drive, Hicksville, New York 11801, Block: 531 Lot: 52 Section 12 in the County of Nassau and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. NDF1, LLC ("NDF1" or "Plaintiff") is a limited liability company organized under the laws of the State of Florida. For the purposes of diversity, NDF1 is a citizen of Florida because its members are domiciled in the State of Florida.

3. Paul Gomez ("Gomez" or "Defendant") is a resident and citizen of the State of New York, having an address of 18 Page Drive, Hicksville, NY 11801. Gomez is a necessary party to this action because he is the obligor under the terms of the Note.

4. Natalia Gomez ("Natalia") is an individual. Upon information and belief, Natalia has an address of 111 Morgan Street, Apt 624, Stamford, CT 06905. Natalia is a necessary party to this action because she is a judgment creditor on the Property.

5. Upon information and belief, Nassau County Traffic and Parking Violations Agency ("T&PVA") is an agency organized under the laws of the State of New York, having an address of 16 Cooper Street West, Hempstead, NY 11550. For the purposes of diversity, T&PVA is a citizen of New York. T&PVA is a necessary party to this action because it is a judgment creditor on the Property.

6. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

7. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10. On or about January 16, 2007, as evidence of a loan in the amount of $80,000.00 (the "Loan"), Gomez executed and delivered to The CIT Group/Consumer Finance, Inc. (the "Lender"), a note dated January 16, 2007 (the "Note"). Pursuant to the terms of the Note, Gomez promised to pay Lender, or the subsequent holder of the Note, the principal sum of $80,000.00. A copy of the Note is attached as **Exhibit B**.

11. In order to collaterally secure the aforesaid Loan, Gomez, on the same day, duly executed, acknowledged and delivered a mortgage to the Lender (the "Mortgage"). A copy of the Mortgage is attached as **Exhibit C**. The Mortgage encumbers the Property. The Mortgage was recorded in the Nassau County Clerk's Office on February 20, 2007 in Book M31565 at Pages 226 to 230.

12. The Note and Mortgage were subsequently modified pursuant to a Loan Modification Agreement entered into between Gomez and Plaintiff's predecessor-in-interest on or about April 30, 2010 (the "Loan Modification"). A true and accurate copy of the Loan Modification is attached hereto as **Exhibit D**.

13. The Note was subsequently assigned to Plaintiff by physical transfer of the Note and an Allonge duly affixed to the Note and endorsed in blank. *See,* **Exhibit B**. Plaintiff was in physical possession of the Note prior to commencement of this action and remains in physical possession of the original wet-ink Note.

14. Further the Mortgage was assigned to Plaintiff by way of a series of assignments of mortgage. Attached hereto as **Exhibit E** is the assignments of mortgage chain.

15. Therefore, Plaintiff has standing to foreclose on the Mortgage by way of its possession of the Note endorsed in blank and the assignment of mortgage assigning the Mortgage to Plaintiff.

16. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possess the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Gomez owes Lender or its successor-in-interest which fees shall become part of the sums secured. *See,* **Exhibits B** and **C**.

17. Gomez defaulted under the terms of the Note and Mortgage, as modified, by failing to pay the payment due on May 1, 2015 (the "Default"). *See,* **Exhibit B**, **Exhibit C**, and **Exhibit D**.

18. On July 5, 2022, Plaintiff complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to Gomez, by both Certified and First-Class Mail, advising of possible acceleration of the Loan and continuing default under the Note and Mortgage together, as modified, if not cured.

19. On July 5, 2022, Plaintiff complied with the requirements of RPAPL § 1304 by mailing a 90 Day Notice (the "90 Day Notice") to Gomez by both Certified and First-Class Mail,

advising of possible legal action if the default under the Note and Mortgage together, as modified, was not cured.

20. Within three days of Plaintiff's Mailing of the 90-Day Notices, Plaintiff completed the mandatory RPAPL § 1306 filing by filing the relevant information with the Superintendent of the Department of Financial Services.

21. Under the terms and conditions of the Note and Mortgage, as of July 1, 2022, the total amount owed to Plaintiff is $95,959.87. Plaintiff is also entitled to collect all unpaid interest and fees due under the Note and Mortgage.

22. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

23. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

24. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

25. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgage.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that Plaintiff may be paid the amount due on said Note and Mortgage with interest to the time of such payment, attorney's fees, as set forth in the Mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

b) On all causes of action together with Plaintiff's costs and attorneys' fees,

c) and such other and further relief as this Court shall deem just and proper.

Dated: August 16, 2023
New York, New York

By: */s/ Shauna Deluca*
Shauna Deluca, Esq.

*Attorneys for Plaintiff*
450 Seventh Avenue, Ste 1408
New York, New York 10123
sdeluca@hasbanilight.com
Tel: 212.643.6677