# Exhibit B

# PROMISSOR NOTE

| NAMES OF ALL BORROWERS: PAUL GOMEZ | | | LENDER: THE CIT GROUP/CONSUMER FINANCE, INC. (NY) 399 KNOLLWOOD ROAD SUITE 304 WHITE PLAINS, NY 10603 | | |
|---|---|---|---|---|---|
| Mailing Address: 26 FOUNTAIN STREET HICKSVILLE, NY 11801 | | | MIN: 100263195013068653 | | |
| LOAN NUMBER | DATE | YEARLY INTEREST RATE | DATE FINANCE CHARGE BEGINS TO ACCRUE | NUMBER OF PAYMENTS | DATE FIRST PAYMENT DUE |
| | 01/16/2007 | 11.700 % | 02/01/2007 | 360 | 03/01/2007 |
| AMOUNT OF FIRST PAYMENT | AMOUNT OF OTHER PAYMENTS | | DATE FINAL PAYMENT DUE | | PRINCIPAL BALANCE |
| $ 804.46 | $ 804.46 | | 02/01/37 | | $ 80,000.00 |

This loan is secured by a Mortgage on the real property located at:
**18 PAGE DRIVE, HICKSVILLE NY 11801**

The words "I," "me," "my," and "us" refer to all Borrowers signing this Note. The words "you" and "your" refer to the holder of the Note.

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay the Principal Balance shown above to your order. I understand that the Lender may transfer this Note.

## 2. INTEREST

I will pay interest at the Yearly Interest Rate shown above. Interest will be charged on the unpaid principal beginning on the date shown above in the "Date Finance Charge Begins to Accrue" box and will continue until the Principal Balance has been paid in full. For purposes of computing interest, interest will be charged on the assumption that each monthly payment is received on the date it is due.

## 3. PAYMENTS

I will pay the principal and interest by making payments each month. Each of my monthly payments will be in the amount shown above in the "Amount of Other Payments" box except my first payment will be in the amount shown above in the "Amount of First Payment" box. I will make monthly payments on the same day of each month beginning on the date shown above in the "Date First Payment Due" box. I will make these payments every month until I have paid the Principal Balance of this Note and any other charges, described below, that I may owe under this Note. If on the "Date Final Payment Due" shown above I still owe amounts under this Note, I will pay all those amounts, in full, on that date, which is called the "maturity date." I will make my monthly payments at the address shown above under your name or at a different place if required by you.

## 4. MY FAILURE TO PAY AS REQUIRED

### (A) Late Charge
If a payment is more than 15 days late, I will pay a late charge equal to 2% of the delinquent installment.

### (B) Check Collection Charge
If I make a payment by check, negotiable order of withdrawal, share draft or other negotiable instrument and that instrument is returned or dishonored for any reason, I will pay you a check collection charge of $20.

### (C) Default
I will be in default if:
(1) I do not pay the full amount of any monthly payment on time;
(2) I default under the Mortgage as defined in section 9 which secures this Note or under any other mortgage which I enter into with you;
(3) I make an assignment for the benefit of creditors;
(4) I violate or fail to abide by any term or condition of this Note or any other agreement I have with you;
(5) I have made any statement or representation to you in connection with this loan which is false or incorrect;
(6) I begin (or if someone else begins against me) a case in bankruptcy, receivership, reorganization, rehabilitation, insolvency or any other matter whether or not similar to them; or if a receiver, sequestrator, liquidator, trustee, guardian, conservator or other judicial representative is appointed for me or any of my property; or
(7) My property becomes subject to a proceeding in eminent domain or other similar governmental action.

If I am in default you may require me to pay immediately the full unpaid principal balance plus accrued and unpaid interest, and any other charges I owe under this Note.

SEE PAGE 2 FOR ADDITIONAL IMPORTANT TERMS

I hereby acknowledge receipt of a completed and signed copy of this Note.

_____
PAUL GOMEZ (Borrower)

_____
(Borrower)

_____
(Borrower)

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

### (D) Payment of Note Holder's Costs and Expenses

If I default and you require me to pay immediately in full as described above, I promise to pay your reasonable attorney's fees not in excess of 15% of the unpaid principal balance if this loan is referred to an attorney, not your employee, for collection, and legally permitted court costs.

### 5. MY RIGHT TO MAKE PREPAYMENTS/PREPAYMENT PENALTY

I have the right to make payments of principal before they are due. Any payment made before it is due is known as a "prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

If I make a partial prepayment, there will be no changes in my monthly payments unless you agree to those changes. Except as provided below, I may make a full or partial prepayment at any time without penalty. If I prepay in full during the first year of this loan, I will pay a prepayment penalty to you equal to five (5%) of the unpaid principal balance at the time of prepayment, unless prohibited by applicable law. I will not be charged a prepayment penalty if I refinance the loan with you. You earn any prepaid Finance Charge at the time the loan is made and no part of it will be refunded if I pay in full ahead of schedule.

### 6. MY WAIVERS

I waive my rights to require you to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certificate of nonpayment (known as a "protest"). Anyone else (i) who agrees to keep the promises made in this Note, or (ii) who agrees to make payments to you if I fail to keep my promises under this Note, or (iii) who signs this Note to transfer it to someone else (known as "guarantors, sureties, and endorsers"), also waives these rights.

### 7. CHANGES/DELAY IN ENFORCEMENT

No change or cancellation of this Note shall be effective unless the change or cancellation is in writing and has been signed by you and me. You can delay enforcing, or fail to enforce, any or all of your remedies or rights under this Note without losing those or other remedies or rights.

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it addressed to me at the Mailing Address above. A notice will be delivered to me at a different address if I give you a notice of my different address.

Any notice that must be given to you under this Note will be given by mailing it to you at the address stated above. A notice will be mailed to you at a different address if I am given a notice of that different address.

### 9. THIS NOTE COVERED BY A MORTGAGE

A Mortgage of the same date as this Note protects you from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

### 10. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed plus the charges as described in Section 4(d) above and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 6 above) is also obligated to do these things. You may enforce your rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 6 above) is also obligated to keep all of the promises made in this Note.

### 11. APPLICATION OF PAYMENTS

Payments will be applied to accrued interest before the unpaid principal balance.

### 12. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 13. NEW YORK LAW

This Note shall be governed by the laws of the State of New York and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or New York State statute, law or regulation in effect as of the date of this Note, the statute, law or regulation shall control to the extent of such conflict and the provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

**SEE PAGE 1 FOR ADDITIONAL IMPORTANT TERMS**

# ALLONGE TO NOTE

| | |
|---|---|
| Caliber Document ID#: | ▮▮▮▮ |
| Account Number: | ▮▮▮▮ |
| Allonge to Note Dated: | 1/16/2007 |
| And Executed by: | PAUL GOMEZ |
| Property Address: | 18 PAGE DRIVE |
| | HICKSVILLE, NY 11801 |
| Loan Amount: | $80,000.00 |
| Pay to the order of: | DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1 |
| Without recourse: | DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 BERMUDA INVESTMENTS TRUST SERIES 2008-1, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT |
| | *[signature]* |
| | Amy Schroeder |
| By: | |
| Title: | **Authorized Signatory** |

# ALLONGE TO NOTE

Caliber Document ID#: ███

Account Number: ███

Allonge to Note Dated: 1/16/2007

And Executed by: PAUL GOMEZ

Property Address: 18 PAGE DRIVE

HICKSVILLE, NY 11801

Loan Amount: $80,000.00

Pay to the order of: VOLT XIV ASSET HOLDINGS TRUST

Without recourse: DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, BY CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ITS ATTORNEY IN FACT

By:

Title:

Amy Schroeder

**Authorized Signatory**

# ALLONGE TO NOTE

| | |
|---|---|
| Caliber Document ID#: | ▇▇▇▇ |
| Account Number: | ▇▇▇▇ |
| Allonge to Note Dated: | 1/16/2007 |
| And Executed by: | PAUL GOMEZ |
| Property Address: | 18 PAGE DRIVE |
| | HICKSVILLE, NY 11801 |
| Loan Amount: | $80,000.00 |
| Pay to the order of: | _____ |
| Without recourse: | VOLT XIV ASSET HOLDINGS TRUST, BY ITS TRUSTEE U.S. BANK TRUST, N.A., THROUGH CALIBER HOME LOANS, INC., F/K/A VERICREST FINANCIAL, INC., AS ATTORNEY IN FACT FOR THE TRUSTEE |

By: *[signature]*

Amy Schroeder

Title: **Authorized Signatory**