# Exhibit C




## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 02-20-2007
Recorded Time: 1:34:29 p

Liber Book: M 31565
Pages From: 226
To: 230

Record and Return To:
NATIONWIDE TITLE CLEARING
2100 ALT 19 NORTH
ATTN DUSTI WOODBURY CIT UNIT
PALM HARBOR, FL 34683

Control
Number: 1448
Ref #: CX 080078
Doc Type: M01 MORTGAGE

| Location: | Section | Block | Lot | Unit |
|---|---|---|---|---|
| OYSTER BAY (2824) | 0012 | 00531-00 | 00052 | |

Consideration Amount: 80,000.00

| | | |
|---|---|---|
| | Taxes Total | 810.00 |
| | Recording Totals | 50.00 |
LBS001 | Total Payment | 860.00

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK


2007022001448

S.
S. 12
B. 53
L. 52

# REAL ESTATE MORTGAGE

| Name and Address of Mortgagor(s): | | | Lender: | | | |
|---|---|---|---|---|---|---|
| PAUL GOMEZ<br>26 FOUNTAIN STREET<br>HICKSVILLE, NY 11801<br><br>MIN: | | | THE CIT GROUP/CONSUMER FINANCE, INC. (NY)<br>399 KNOLLWOOD ROAD<br>SUITE 304<br>WHITE PLAINS, NY 10603<br><br>Mortgagee: MERS<br>P.O. BOX 2026<br>FLINT, MI 48501-2026 | | | |
| Loan Number | Date<br>01/16/07 | Date Interest Begins<br>02/01/07 | | Number of Payments<br>360 | Date Due Each Month<br>1 st | Date First Payment Due<br>03/01/07 |
| Date Final Payment Due<br>02/01/37 | | Final Payment Equal In Any Case To<br>Unpaid Principal and Interest | | | Principal Balance<br>$ 80,000.00 | |

The words "I," "me" and "my" refer to all Mortgagors indebted on the Note secured by this Mortgage. The words "you" and "your" refer to Lender and Lender's assignee if this Mortgage is assigned. "MERS" refers to Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Mortgage.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**MORTGAGE OF REAL ESTATE**

To secure payment of a Note I signed today promising to pay you the Principal Balance as shown above together with interest at the rate set forth in the Note secured by this Mortgage, each of the persons signing this Mortgage mortgages, and confirms to MERS and its successors and assigns, (solely as nominee for Lender and Lender's successors and assigns) the real estate described below, and all present and future improvements on the real estate, which is located in New York, County of __NASSAU_____, (the "Premises").

### SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

These Premises are improved by a __SINGLE__ family dwelling only.

Property Address: __18 PAGE DRIVE, HICKSVILLE, NY 11801__

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Premises; and to take any action required of Lender including, but not limited to, releasing and canceling this Mortgage.

**TERMS AND CONDITIONS:**

**PAYMENT OF OBLIGATIONS** - If I pay my Note according to its terms, this Mortgage will become null and void.

**TAXES - LIENS - INSURANCE - MAINTENANCE** - I will pay, when they are due and payable, all taxes, liens, assessments, obligations, water rates and any other charges against the Premises, whether superior or inferior to the lien of this Mortgage, maintain hazard insurance on the Premises in your favor in a form and amount satisfactory to you and maintain and keep the Premises in good repair at all times during the term of this Mortgage. You may pay any such tax, lien, assessment, obligation, water rates, premium or other charge (including any charge to maintain or repair the Premises) or purchase such insurance in your own name, if I fail to do so.

SEE PAGE 2 FOR ADDITIONAL IMPORTANT TERMS

Signed this __16th__ day of __January 2007__.

_____ (Seal)
PAUL GOMEZ

_____ (Seal)

_____ (Seal)

### UNIFORM CERTIFICATE OF ACKNOWLEDGMENT

STATE OF NEW YORK

COUNTY OF __Nassau__

On the __16th__ day of __January__ in the year __2007__ before me, the undersigned, a notary public in and for said state, personally appeared __Paul Gomez__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ (Seal)
(NOTARY PUBLIC)

ALYSSA COHEN GLAZER
NOTARY PUBLIC, State of New York
No. 02GL6000284
Qualified in Queens County
Commission Expires August 10, 20__

01/12/07  19:04  1997529

2-1173A (4/04) New York Second Mortgage

Page 1 of 2

RECEIVED IN
THIS CONDITION

The amount you pay will be due and payable to you on demand, will bear interest at the interest rate set forth in the Note secured by this Mortgage if permitted by law or, if not, at the highest lawful interest rate, will be an additional lien on the Premises and may be enforced and collected in the same manner as the other obligations secured by this Mortgage. The insurance carrier providing the insurance referred to above will be chosen by me subject to your approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to you and must include a standard mortgagee clause. You will have the right to hold the policies and renewals. If you require, I will promptly give to you all receipts of paid premiums and renewal notices. In the event of a loss, I will give prompt notice to the insurance carrier and you. You may file a proof of loss if not made promptly by me. Insurance proceeds will be applied to the restoration or repair of the Premises damaged or, at your option, the insurance proceeds will be applied to the sums, secured by this Mortgage, whether or not then due, with any excess paid to me. If I abandon the Premises, or do not answer within ten (10) days, a notice from you that the insurance carrier has offered to settle a claim, then you may collect the insurance proceeds. The ten (10)-day period will begin when the notice is given.

TITLE - The Premises were conveyed to me by a deed which is to be, or has been, recorded before this Mortgage, and I warrant the title to the Premises. I further warrant that the lien created by this Mortgage is a valid and enforceable second lien, subordinate only to (1) the advances actually made and secured by any first mortgage and (2) easements and restrictions of record on the date of this Mortgage, and that during the entire term of the indebtedness secured by this Mortgage, such lien will not become subordinate to anything else including subsequent advances secured by any first mortgage.

CONDEMNATION - The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation (the taking of my property for a public use) or other taking of any part of the Premises, or for conveyance in lieu of condemnation, are hereby assigned and will be paid to you and are subject to the lien of and secured by this Mortgage. In the event of a taking of the Premises, the proceeds will be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to me. If the Premises are abandoned by me, or if, after notice by you to me that the condemnor offers to make an award or settle a claim for damages, I fail to respond to you within ten (10) days after the date the notice is given, you are authorized to collect and apply the proceeds, at your option, either to the restoration or repair of the Premises, or to the sums secured by this Mortgage, whether or not then due.

DUE ON SALE OR ALTERATION - Except in those circumstances in which Federal law otherwise provides, I will not, without your consent, sell or transfer the Premises or alter, remove or demolish the buildings on the premises, allow the Premises to deteriorate or commit waste.

DEFAULT - If I default in paying any part of the indebtedness secured by this Mortgage or if I default in any other way under this Mortgage or under the Note which it secures, or if I default under the terms of any other mortgage covering the Premises, the entire unpaid principal balance and accrued and unpaid interest and any other amounts I then owe to you under this loan will become immediately due if you desire, without your advising me. If I am required to pay immediately in full as described above, I promise to pay your reasonable attorney's fees not in excess of fifteen percent (15%) of the unpaid principal balance if the loan is referred to an attorney, not your employee, for collection or foreclosure of this Mortgage securing the Note. If any money is left over after you foreclose on this Mortgage and deduct such attorney's fees and all other reasonable costs and expenses incurred if legally permitted, it will be paid to the persons legally entitled to it, but if any money is still owing, I agree to pay you the balance. **DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

APPOINTMENT OF RECEIVER AND ASSIGNMENT OF RENTS - I agree that you are entitled to the appointment of a receiver in any action to foreclose on this Mortgage and you may also enter the Premises and take possession of them, rent them if the Premises are not already rented, receive all rents and apply them to the obligations secured by this Mortgage. I assign all rents to you but you agree that I may continue to collect the rents unless I am in default under this Mortgage or the Note.

RIGHTS CUMULATIVE - Your rights under this Mortgage will be separate, distinct and cumulative and none of them will be in exclusion of any other nor will any act of yours be considered as an election to proceed under any one provision of this Mortgage to the exclusion of any other provision.

NOTICES - I agree that any notice and demand may be given to me either in person or by mail.

RELEASE - Upon payment of all sums secured by this Mortgage, you shall release the Premises from the lien of this instrument. I shall pay recording costs to the extent permitted by applicable law.

EXTENSIONS AND MODIFICATIONS - Each of the persons signing this Mortgage agrees that no extension of time or other variation of any obligation secured by this Mortgage will affect any other obligation under this Mortgage.

LIEN LAW - This Mortgage is subject to the trust fund provisions of section 13 of the Lien Law.

APPLICABLE LAW - This Mortgage is made in accordance with, and will be governed by, the laws of the State of New York and

RECEIPT OF COPY - Each person signing this Mortgage acknowledges receipt of a completed and signed copy of this Mortgage.

BINDING EFFECT - This mortgage is binding on and inures to your, my and MERS' successors and assigns.

SEE PAGE 1 FOR ADDITIONAL IMPORTANT TERMS

Upon recording mail to:
   Nationwide Title Clearing, Inc.
   2100 Alt 19 North, Palm Harbor, Fl 34683     ATTN: Dusti Woodbury - CIT Unit

01/12/07   19:04   1997529   PAUL GOMEZ

Initial(s) X_____ X_____

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Hicksville, Town of Oyster Bay, County of Nassau and State of New York, known and designated as and by Lot No. 52 in Block No. 531 on a certain map entitled "Map of Hicksville Terrace Section No. 1, situated at Hicksville, Nassau County, New York, surveyed December 1959, Baldwin & Cornelius Co., Civil Engineers and Surveyors, Freeport, New York, and filed in the Office of the Clerk of the County of Nassau, October 19, 1960 as Map No. 7370, being more particularly bounded and described as follows:

BEGINNING at a point on the Southeasterly side of Page Drive where the same is intersected by the Northeasterly end of a curve having a radius of 10 feet and a length of 15.71 feet, which curve connects the Southeasterly side of Page Drive with the Northeasterly side of Hilton Court, and from said point of beginning;

RUNNING THENCE along the Southerly side of Page Drive, North 26 degrees 07 minutes 25 seconds East 90 feet;

THENCE South 63 degrees 52 minutes 35 seconds East 100 feet;

THENCE South 26 degrees 07 minutes 25 seconds West 50 feet;

THENCE South 33 degrees 39 minutes 35 seconds West 25.65 feet to the Northeasterly side of Hilton Court;

THENCE in a general Northwesterly direction along the Northeasterly side of Hilton Court the following three (3) courses and distances:

1) Along an arc of a curve bearing to the left having a radius of 50 feet a distance of said curve of 42.71 feet to a point of reverse curve;

2) Along an arc of a curve bearing to the right having a radius of 50 feet a distance along the arc of said curve of 36.14 feet;

3) North 63 degrees 52 minutes 35 seconds West 13.93 feet to the Southeasterly end of the curve having a radius of 10 feet first above mentioned;

THENCE in a general Northerly direction along the arc of said curve a distance of 15.71 feet to the Southeasterly side of Page Drive at the point or place of BEGINNING.

Said premises known as: 18 Page Drive, Hicksville, New York

Continued On Next Page

Section: 12 Block: 531 Lot: 52