# Exhibit D

# MODIFICATION AGREEMENT

Borrower ("I" or "me"): PAUL GOMEZ
Servicer ("Servicer"): Vericrest Financial, Inc., acting as servicer for Noteholder
Date of Security Instrument ("Mortgage") and Note ("Note"): 1/16/2007
Noteholder ("Noteholder"):
Loan Number ("Loan"):
Property Address [and Legal Description if recordation is necessary] ("Property"):
18 PAGE DRIVE
HICKSVILLE NY 11801

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement (this "Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Servicer and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the existing scheduled monthly mortgage payments now or in the near future;

    B. The Property has not been condemned;

    C. There has been no change in the ownership of the Property since I signed the Loan Documents;

    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Servicer's modification program (the "Program");

    E. Under penalty of perjury, all documents and information I have provided to Servicer in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

    F. If Servicer requires me to obtain credit counseling in connection with the Program, I will do so;

    G. No fraud or deception occurred with respect to the origination or servicing of the Loan Documents; and

    H. I have paid to Servicer the initial payment to be scheduled under this Agreement in good U.S. funds.

---

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I" or "me." For purposes of this document words signifying the singular (such as "I" or "me") shall include the plural (such as "we") and vice versa where appropriate.


Original

James
10/00

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. TIME IS OF THE ESSENCE under this Agreement;

   B. If prior to the Modification Effective Date as set forth in Section 3 Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents; and

   C. I understand that the Loan Documents will not be modified unless and until (i) this Agreement has been signed by Servicer, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on the date inserted by Servicer under its signature below (the "Modification Effective Date"). The Loan Documents will be modified and the first modified payment will be due on 6/1/2010. Noteholder has delegated authority to Servicer to enter into this Agreement, and Servicer as acting on behalf of Noteholder.

   A. The Maturity Date will be: 2/1/2038.

   B. The new Principal balance of my Note will be $67,186.53 (the "New Principal Balance"). The total amount owed on the Note, which includes the New Principal Balance plus all outstanding fees, charges and past due interest, will be $67,487.97. Of total amount, _____ in the amount of $0.00 is included, which will be spread out over the first five years, so long as you remain current under this Agreement.

   C. Interest at the rate of 6.000 % will begin to accrue on the New Principal Balance as of 5/1/2010 and the first new monthly payment on the New Principal Balance will be due on 6/1/2010. My interest rate and payment schedule for the modified Loan is as follows:



| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Other Amounts | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|---|
| 1-5 | 6.0000% | 5/1/2010 | $414.72 | $0.00 adjusts annually after year 1 | $0.00 | $414.72 adjusts annually after year 1 | 6/1/2010 | 60 |
| 6 | 7.0000% | 5/1/2015 | $452.28 | Adjusts Annually | N/A | Adjusts Annually | 6/1/2015 | 12 |
| 7-[40] | 8.0000% | 5/1/2016 | $490.16 | Adjusts Annually | N/A | Adjusts Annually | 6/1/2016 | 261 |
| Final Payment * | 0% | N/A | N/A | N/A | N/A | $10,108.26 | End of term | 1 |

*This reflects any past due amounts added to the end of the Loan term.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

   D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

   E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance that I previously entered into with respect to the Loan.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account. Unless expressly required by applicable law, Servicer shall not be required to pay me any interest with respect to the Escrow Account. Unless expressly prohibited by law, I hereby waive my right to receive interest with respect to the Escrow Account.

E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Servicer and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Servicer's prior written consent, Servicer may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Servicer shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Servicer exercises this option, Servicer shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I. If Servicer chooses to release me from any default under the Loan Documents, Servicer will not be prohibited from pursuing any remedies available, including, but not limited to, foreclosure on the Property, for any future default under the Loan Documents.

J. I have no right of set-off or counterclaim or any defense to the obligations under the Loan Documents. I waive and release Servicer for any claims, actions and defenses based upon any other prior agreements affecting the Loan Documents. I hereby confirm that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

K. Any expenses incurred in connection with the servicing of the Loan, but not yet charged to the Loan account as of the date of this Agreement, may be charged to the Loan account and secured by the Mortgage after the Effective Date

L. I shall make execute such other documents or papers as may be reasonably necessary or required to effectuate the terms and conditions of this Agreement.

[Signature Immediately Follows]

In Witness Whereof, Servicer and I have executed this Agreement.

_____  
Witness:

_____  
Borrower:

_____  
Date: 4/30/2010

_____  
Borrower:

_____  
Date:


Vericrest Financial, Inc.

_____  
By: Renee Leashurne

_____  
Effective Date: 5/03/10